FREUNDLICH & LITTMAN, LLC
By: Sam Wilson, Esq.
Attorney I.D. 315570
1425 Walnut Street, Suite 200
Philadelphia, PA, 19102no
(215)-545-8500
Sam@fandllaw.com
Attorney for the Plaintiff

_____

|  |  |  |
|---|---|---|
| Saphangela Hill, | : | UNITED STATES DISTRICT COURT |
|  | : |  |
|  | : | EASTERN DISTRICT OF PENNSYLVANIA |
|  | : |  |
| Plaintiff, | : | Civil Action |
| v. | : |  |
|  | : |  |
| Discover Products, Inc.; AND | : | **COMPLAINT AND JURY DEMAND** |
| John Does 1-5 and 6-10, | : |  |
|  | : |  |
| Defendants. | : |  |

_____:

## PRELIMINARY STATEMENT

Plaintiff, Saphangela Hill, through this Complaint alleges violations by the Defendant, Discover Products, Inc., of the American's with Disabilities Act of 1990,  ("ADA"), 42 U.S.C. § 12101; Title VII of the Civil Rights ACT of 1964, ("Title VII,")  the Pennsylvania Human Relations Act s 43 P.S. § 951 *et seq*., and the Philadelphia Fair Practices Ordinance, Philadelphia, Pa., Code §§ 9-1100 to -1110, ("PFPO.") These allegations arise from unlawful discriminatory and retaliatory conduct by the Defendant against the Plaintiff over the course of the Defendants employment of the Plaintiff.

## IDENTIFICATION OF PARTIES

1. Plaintiff, Saphangela Hill, is at all relevant times, a resident Philadelphia County in of the Common Wealth of Pennsylvania, and an Employee of the Defendants.

2.   At all times material, Defendant, Discover Products, Inc., ("Discover,") is a Foreign Business Corporation authorized under the laws of the Commonwealth to conduct business in Pennsylvania, with a registered headquarters located at 2500 Lake Cook Rd., Riverwoods, IL 60015.

3.   Upon information and belief, Defendant Curran "Curran," is a resident of the Commonwealth of Pennsylvania with a place of business located at 2500 Lake Cook Rd., Riverwoods, IL 60015.

4.   Defendants John Doe 1-5 and 6-10 are fictitious names for individuals or entities who, on the basis of their direct acts or on the basis of respondeat superior, are answerable to the Plaintiff for the acts set forth herein.

5.   The above-named Defendants shall be referred to collectively as, "Defendants," or "Employers."

Defendants are jointly and severally liable to the Plaintiff for the acts set forth herein

## JURISDICTION AND VENUE

6.   Jurisdiction of this action is conferred upon this Court pursuant to federal question arising under ADA and Title VII.

7.   This Court also has supplemental jurisdiction over the question of law arising under PFP and PHRA.

8.   Venue is proper as the Plaintiff resides in the Commonwealth and the events from which this action arises occurred within the Commonwealth.

9.   The Plaintiff timely filed appropriate charges with the EEOC and appropriate state and local agencies.

10. Plaintiff's administrative remedies were exhausted on May 8, 2026, when the EEOC issued a Dismissal and a Right to Sue Letter.

11. This action is hereby commenced within ninety (90) days of the date upon which the Plaintiff received the Right to Sue Letter.

## MATERIAL FACTS

12. Plaintiff began employment by Defendants on or about September 27, 2022.

13. Plaintiff held the title of Account Specialist while employed by Defendants.

14. Plaintiff is a Black woman.

15. Plaintiff, at all relevant times was diagnosed with Radiculopathy in her cervical region.

16. This condition affects one or more of Plaintiff's life functions.

17. Plaintiff at all relevant times was diagnosed with carpal tunnel syndrome in her right upper limb.

18. This condition affects one or more of Plaintiff's life functions.

19. Each of these conditions constitutes a disability as defined by State, Federal, and local law.

20. Despite her disabilities, Plaintiff, at all relevant times, performed her duties at a level that met or exceeded the Employer's reasonable expectations.

21. Nonetheless, the Defendant fired Plaintiff on July 31, 2024.

22. Almost immediately into her employment, Claimant recognized that the Defendants demonstrated a pattern of treating Black employees less favorably than white employees.

23. Plaintiff began reporting her concerns regarding discriminatory conduct based on race beginning in June or July 2023.

24. Plaintiff reported concerns regarding discriminatory practices in the workplace multiple times between June 2023 and July 2024 when the Defendant fired Plaintiff.

25. The Plaintiff reported discriminatory workplace practices including, but not limited to the following:

    a. A pattern of Management excluding Black employees from participation in Team Meetings;

    b. Management consistently excluded Black employees from contributing to team discussions;

    c. Management consistently subjected Black employees to elevated scrutiny relative to white employees;

    d. Discriminatory application of administrative policies, specifically regarding attendance, sick time, and punctuality;

    e. Disproportional issuing of discipline to Black employees;

    f. Specific targeting of Plaintiff for discriminatory treatment by her direct supervisor, Kevin Curran.

26. Defendants treated Black employees who required use of sick time with incredulity.

27. Compared to Black employees, White employees were not frequently asked to provide documentation of their illness.

28. On one occasion, Plaintiff and another Black employee required the use of sick time on the same day.

29. When Plaintiff and the other Black employee returned to work, management accused the two of skipping work to drink alcoholic beverages.

30. In addition, Plaintiff's team lead, on at least one occasion, referred to black employees as "ninjas," with intent to express his lack of trust of the Black employees.

31. The Defendant did not take meaningful action to address the complaints.

32. In fact, soon after Plaintiff's initial reports of discrimination, Curran issued Plaintiff a Final Written Warning, citing a violation of the call out policy, despite objective evidence that Management had been timely notified of the absence at issue and Curran had contributed to confusion that contributed to any failure to comply with Defendant's policy.

33. Plaintiff reported the escalating discriminatory conduct to HR and upper management.

34. Defendant failed to take meaningful action to address the discriminatory conduct.

35. The discriminatory conduct continued.

36. In May 2024, Plaintiff objected to the Defendant's decision to grant the shift Plaintiff had requested and was entitled to based on her seniority, to a white employee with less seniority.

37. Plaintiff engaged in protected conduct each time she reported discriminatory workplace conduct.

38. Following Plaintiff's report, Defendant ultimately admitted that the shift had been improperly assigned and granted Plaintiff her preferred shift.

39. Nonetheless, the discriminatory conduct continued and escalated.

40. On July 3, 2024, Plaintiff suffered an injury outside of work.

41. The injury aggravated the Plaintiff's medical conditions.

42. The Plaintiff notified the Defendant of her serious medical condition.

43. The Plaintiff provided the Defendant medical documentation that she would require leave from work until at least July 26, 2024, due to her serious medical condition.

44. The Plaintiff utilized her short-term disability policy, purchased from a third party, ("Hartford,") as a benefit through the Defendant.

45. The Defendant instructed Plaintiff that once on short-term disability benefits, all information regarding her leave would be communicated through Hartford and not through the Defendant.

46.  While on leave, Plaintiff learned she would require an extension of her leave and short-term disability.

47. Plaintiff provided documentation of the medical need for the extension.

48. On July 15, 2024 Hartford denied Plaintiff's request for the extension of short-term disability benefits.

49. Plaintiff timely appealed the decision via the standard forms.

50. On July 25, 2024 requested additional medical records in addition to the standard forms.

51. Hartford's notice of request for additional medical records provided an August 5, 2024 deadline to provide the records, after which a decision would be made regarding Plaintiff's appeal of the termination of benefits.

52. Plaintiff provided the medical records prior to the deadline.

53. In the meantime, Plaintiff was not medically cleared to return to work.

54. On July 31, 2024, Defendant fired Plaintiff, citing failure to report to work.

55. Defendant subjected Plaintiff to unfavorable work conditions because of her race.

56. Defendant subjected Plaintiff to unfavorable work conditions because of her disability.

57. Defendant subjected Plaintiff to unfavorable work conditions in retaliation for objecting to unlawful discriminatory workplace conduct.

58. Defendant failed to engage in the interactive process to determine what, if any reasonable accommodations of Plaintiff's disability may be available.

59.    The Plaintiff has suffered economic and noneconomic harm as a result of the Defendant's conduct.

## COUNT ONE
## UNLAWFUL DISCRIMINATION UNDER ADA- FAILURE TO ACCOMMODATE

60. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if fully set forth herein.

61. Defendant failed to make reasonable accommodations to the known physical limitations of Plaintiff, an otherwise qualified individual.

62. Defendant discriminated against Plaintiff on the basis of her disability, perceived disability, or history of disability, regarding the terms and conditions of her employment in violation of 42 U.S.C. § 12112.

63. Plaintiff has suffered economic and emotional damages as a result of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT TWO
## UNLAWFUL DISCRIMINATION  UNDER ADA- DISCRIMINATORY METHODS OF ADMINISTRATION

64. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

65. The Defendants applied discriminatory methods of administration to Plaintiff with respect to her employment, in violation of ADA.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT THREE
## UNLAWFUL DISCRIMINATION UNDER ADA- UNLAWFUL DISCHARGE

66. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

67. Defendant's conduct  resulted in the discriminatory discharge of Plaintiff because of her disability, in violation of ADA.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT FOUR
## UNLAWFUL RETALIATION UNDER ADA

68.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

69.    Defendant took adverse employment actions against Plaintiff in retaliation for her exercise of her rights under ADA.

70.    The Plaintiff suffered economic and emotional damages as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT FIVE
## UNLAWFUL DISCRIMINATION UNDER PFPO

71.	Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

72.	Defendant unlawfully discriminated against Plaintiff because of her race, disability or some combination of these protected traits, in violation of PFPO.

73.	Plaintiff suffered economic and emotional damages as a result of the Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT SIX
## UNLAWFUL DISCRIMINATION UNDER PHRA

74.	Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

75. Defendant subjected Plaintiff to unfavorable working conditions because of her race, disability, or some combination of these protected traits, in violation of PHRA.

76. Plaintiff suffered economic and emotional damages as a result of Defendant's unlawful conduct.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT SEVEN
## UNLAWFUL RETALIATION UNDER PFPO

77.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

78.     Defendant took adverse employment actions against Plaintiff in retaliation for her exercise of her rights under PFPO.

79.     The Plaintiff suffered economic and emotional damages as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT EIGHT
## UNLAWFUL RETALIATION UNDER PHRA

80.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

81.    Defendant took adverse employment actions against Plaintiff in retaliation for her exercise of her rights under PHRA.

82.    The Plaintiff suffered economic and emotional damages as a result of the Defendant's conduct.

   **WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT NINE
## UNLAWFUL DICRIMINATION UNDER TITLE VII

83.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

84.    Defendant subjected Plaintiff to unfavorable conditions of employment because of her race in violation of Title VII.

85.    The Plaintiff suffered economic and emotional damages as a result of the Defendant's conduct.

   **WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## COUNT 10
## TITLE VII RETALIATION

86. Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth at length herein.

87. Defendant took adverse employment actions against Plaintiff in retaliation for her exercise of her rights under Title VII, in violation of the law.

88. The Plaintiff suffered economic and emotional damages as a result of the Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment in her favor against Defendant on this Count, together with compensatory and equitable relief, all remedies available under the law, punitive damages, pre- and post-judgment interest, attorney's fees and costs of suit, and any other relief the Court deems equitable and just.

## JURY DEMAND

Plaintiff requests a jury trial on all issued to be tried.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, punitive damages, liquidated damages, statutory damaged, attorney's fees, costs, and disbursement of action; and for such other relief as the Court deems just and proper.

Very Truly Yours,

**Freundlich & Littman, LLC**
*/s/ Sam Wilson, Esq.*
Sam Wilson, Esquire

DATED: <u>August 6, 2026</u>